# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

MORA CASTRO MANUEL FERNANDO,

Petitioner,

v.

PAMELA BONDI, *et al.*,

Respondents.

Case No. 2:26-cv-00669-RFB-NJK

**ORDER TO SHOW CAUSE**

Petitioner Mora Castro Manuel Fernando, an immigration detainee, has filed a *pro se* petition for a writ of habeas corpus (ECF No. 1-1), a motion for leave to proceed *in forma pauperis* (ECF No. 1) [hereinafter, "IFP Application"], and a motion for appointment of counsel (ECF No. 2). Through them, he challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Federal Respondents.

Initially, the Court finds that good cause exists to grant Petitioner's IFP Application. As such, **IT IS HEREBY ORDERED** the IFP Application (ECF No. 1) is **GRANTED**.

Additionally, the Court finds that the appointment of counsel is in the interest of justice, as this case necessarily implicates a complex web of detention authority developed specifically for noncitizens. See Torres v. Barr, 976 F.3d 918, 924 (9th Cir. 2020) (describing the Immigration and Nationality Act as: a "morass;" a "Gordian knot;" and "King Minos's labyrinth in ancient Crete.") (citations omitted). Accordingly, **IT IS FURTHER ORDERED** Petitioner's motion for appointment of counsel (ECF No. 2) is **GRANTED**.[1]

---

[1] Incarcerated people applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)). Indeed, the Court may appoint counsel at any stage of the proceedings if the interests of justice so require. See 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; Chaney, 801 F.2d at 1196.

The Federal Public Defender for the District of Nevada ("FPD") is **HEREBY APPOINTED** to represent Petitioner and is directed to file a notice of appearance by **March 16, 2026**. **IT IS FURTHER ORDERED** Petitioner, with the assistance of counsel, must file an amended petition for a writ of habeas corpus by **March 19, 2026**. Alternatively, the FPD may notify the Court that it is unable to represent Petitioner. If the FPD is unable to represent Petitioner based on a conflict of interest, or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless appointed counsel is allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court will send a copy of this Order to the FPD and the CJA coordinator for this division.

Furthermore, the Court has reviewed the Petition (ECF No. 1-1) and preliminarily finds Petitioner can likely demonstrate that his circumstances warrant the same relief this Court ordered for Petitioners Mena-Vargas and Reyes-Lopez in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) (No. 25).

Therefore, Respondents are **ORDERED TO SHOW CAUSE** why the writ should not be granted. See 28 U.S.C. § 2243. Respondents shall file a **notice of appearance** by **March 16, 2026**. Furthermore, Respondents must file **"a return certifying the true cause of detention"** by **March 24, 2026**. See id. Petitioner may file a traverse by **March 27, 2026**.

**IT IS FURTHER ORDERED** the Parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court is amenable to ruling on the papers if the Parties indicate that they are willing to waive a hearing. If Respondents do not plan to offer new arguments—*i.e.*, arguments which have not been addressed by this Court—they may: indicate as much, reference their previous briefing, and reserve their appellate rights. They may not, however, incorporate briefing in a manner that would circumvent the page limits under LSR 3-2 without leave. Respondents should file any referenced briefing as an attachment for Petitioner's Counsel's review.

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of

- 2 -

Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'") (citing 28 U.S.C. § 2243). Therefore, **IT IS FURTHER ORDERED** Respondents must file any documents referenced, or relied upon, in their return alongside this filing. If Respondents' asserted basis for detaining Petitioner is reflected in any documents in their possession, including, but not limited to, an arrest warrant, notice to appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and/or removal proceedings, Respondents must so indicate and file said documents with their pleading. If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their return.

**IT IS FURTHER ORDERED** Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

In order to preserve this Court's jurisdiction over the pending § 2241 Petition, **IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner to a detention center outside of this judicial district, pending further order of the Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions"); F.T.C. v. Dean Foods Co., 384 U.S. 597, 601 (1966) (emphasizing that federal

courts have the power "to preserve the court's jurisdiction or maintain the *status quo* by injunction pending review of an agency's action"); see also Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). The Court finds Petitioner's removal from the United States District of Nevada, or more broadly, the United States, could interfere with the Court's jurisdiction over their claims and with the Court's ability to expeditiously resolve the Petition. The Court thus finds this Order is warranted to maintain the *status quo* pending this Court's review of the Petition.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to:

1. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to Counsel for Respondent John Mattos at ahesman@strucklove.com.

3. **MAIL** a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Respondent John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

**DATED:** March 12, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 4 -